The opinion of the Court was delivered by
Whithers, J.
Under an Act of the Legislature the defendant bad administered on the estate as derelict; the plaintiff had brought his writ against such administrator for a debt claimed to be due by the intestate. The action proceeded to issue; pending that issue, the Act was repealed which required the defendant to act as administrator ex officio ; and his authority as administrator being thus terminated, by act of law, he pleads the same puis darien continuance, in abatement of this action. The question is, (upon demurrer, it is presumed,) whether the plea is good.
It is not a case where another has succeeded as administrator — the Legislature has appointed no other, nor made any provision as to pending actions like this. It is not the act of the party defendant (though that by plaintiff, executor, was held insufficient to abate in the case, p. 30, Owen) nor his default, which has terminated his character and authority as administrator. He has not pleaded plene administravit, nor plene ad-ministravit preeter. Under such circumstances the question is presented, and we suppose its determination will affect many other causes in like condition, or causes depending in some form against defendants of like character. The point, therefore, has given rise to some consideration in this Court.
It is remarkable that we find in the books no precise authority on the point. The rule as to the abatement of the pending action, where the plaintiffs letters have been revoked, will not settle it. *142 It does not work mutually. Plea, that plaintiff, who sues as executor, took administration pending the writ, abates the action; that the defendant did the like does not. Comyn, Abatement, H. 45; 1 Lev. 69. This doctrine, it is true, is questioned in the case of Hunt vs. Wilkinson, 2 Call, 49; but in that case, the same defendant who had been administrator generally, on the discovery of a will took letters cum testamento annexo, pending the action, and by plea in abatement gave the plaintiff a better writ. There was still a party to be sued, and the provisions of the will might affect the administration of assets even as to creditors, i. e. some particular portion of them might be dedicated to debts owing. In this instance the plea does not give the party plaintiff a better writ, or any at all. The same distinction exists between the present case and one in which “ a de-fendantsued as administrator may plead, that, 'pendente brevi, administration was committed to another.” (1 Williams on Exors. 494.)
On the other hand, we see the incongruity of a judgment and execution against one who is not at the time administrator; nor can the action proceed on the footing that the defendant was, or is, executor de son tort, for his administration was rightful, even compulsory, and his authority good.
Yet in Palmer vs. Litherham (Latch, 268) it is stated by Jones, J., that, before he came from the common bench, it was determined, that an administrator durante minori estate had wasted the goods, and the executor came of full age. It was doubted what remedy there was; but resolved that the administrator, though originally rightful but functus officii, should be held liable, not as executor de son tort, but on the special matter. Otherwise mischief would ensue, for there would be no administrator who would not refuse, having wasted the goods.
We think we can derive a foundation from such consideration. Notwithstanding the act of repeal, amounting to a revocation of Morrall’s authority by no voluntary fault or act of his, it is to be presumed he hath assets until the contrary appears; the plaintiff had a good writ in the outset; and our judgment *143 is, that the defendant does not furnish a good plea in abatement unless he adds to the matter of the repealing Act also that of plene administravit, or, administravit prceter, which latter matter he may plead as he may be advised.
The case is, therefore, ordered back to the Circuit Court, with leave to the defendant to add a plea as before specified.
O’Meall, Whitner, Glover and Munro, JJ., concurred.
Wardlaw, J., absent at the argument.

Motion granted.